Nos. 24-5405/5996/6068/25-5047/5083/5151/5165

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 21, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| In re: AGNESS MCCURRY, et al. [24-5405], Petitioners. | ) ) ) ) ) |
| In re: AGNESS MCCURRY, et al. [24-5996], Petitioners. | ) ) ) ) ) |
| In re: AGNESS MCCURRY, et al. [24-6068], Petitioners. | ) ) ) ) ) |
| In re: AGNESS MCCURRY, et al. [25-5047], Petitioners. | ) ) ) ) ) |
| In re: AGNESS MCCURRY, et al. [25-5083], Petitioners. | ) ) ) ) ) |
| In re: AGNESS MCCURRY, et al. [25-5151], Petitioners. | ) ) ) ) ) |
| In re: AGNESS MCCURRY, et al. [25-5165], Petitioners. | ) ) ) ) ) ) |

O R D E R

Before: STRANCH, READLER, and MATHIS, Circuit Judges.

In these seven related matters, Agness McCurry and Etha Jones petition for writs of mandamus directing the district court to either lift filing restrictions, disqualify a district judge, or enter a preliminary injunction in one of four cases below. They also move in some matters to proceed *in forma pauperis*, for a stay, or to expedite ruling.

Mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Id.* (cleaned up). "First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* at 380–81 (cleaned up). "Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Id.* at 381 (cleaned up). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citation omitted).

Broadly speaking, McCurry's mandamus petitions seek four categories of relief: (1) lifting Judge Corker's filing-restrictions order, entered in all twelve of McCurry's district court cases; (2) lifting Judge Varlan's filing-restrictions order filed in *McCurry v. Wright*, No. 23-cv-29 (E.D. Tenn. Nov. 4, 2024); (3) disqualifying Judges Corker and Varlan; and (4) permanently enjoining Eastman Credit Union from violating Tennessee's repossession laws.

To the extent Petitioners directly challenge Judge Corker's order as unjustified or *ultra vires*, they have—and have already undertaken—the adequate alternative of a direct appeal from Judge Corker's order. *See McCurry v. Tenn. Ct. of Appeals, E. Div.*, No. 25-5086 (6th Cir. 2025).

Moreover, Petitioners have not shown a clear and indisputable right to the writ or that mandamus relief would be appropriate. "Filing restrictions are 'the proper method for handling

the complaints of prolific litigators,' and a district court may impose one at its discretion," so long as it sufficiently justifies its rationale. *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023) (quoting *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order)). To satisfy that requirement, "the court should identify a 'pattern of repetitive, frivolous, or vexatious filings.'" *Id.* (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)). Judge Corker's order easily clears this bar.

Petitioners' arguments that the filing-restrictions order deputizes Clerk's Office staff to conduct legal analysis and threatens staff members who docket Petitioners' filings are based on a misunderstanding of the order. It authorizes the rejection of filings only for failure to comply with the formal prerequisites—a motion for leave to file and specified supplemental exhibits—not for a lack of substantive merit. And, far from a nefarious threat, the court's reservation of the right to dismiss inadvertently docketed documents is a benign administrative provision.

Mandamus is not appropriate to compel the docketing and forwarding of Petitioners' notices of appeal, either. Although the district court has diverted post-restriction filings to a miscellaneous case, it has forwarded all four of the notices of appeal Petitioners have identified. Contrary to Petitioners' unsupported assertions, the district court's use of a miscellaneous case provides transparency and efficiency rather than secrecy and obstruction.

Much of the same is true of Judge Varlan's order: Petitioners could have appealed the order, and it adequately explains why Petitioner's history of vexatious and frivolous filing justifies the restrictions. Mandamus relief would not be appropriate in these circumstances.

Petitioners next seek to compel the disqualification of Judge Corker and Judge Varlan, citing their filing-restrictions orders and refusals to recuse after Petitioners named them as defendants in the *qui tam* action. Federal law mandates recusal when a judge's impartiality "might reasonably be questioned," including when the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding," or "[i]s a party to the proceeding." 28 U.S.C. §

455(a), (b)(1), (b)(5)(i).  But "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is."  *Garrett v. Ohio State Univ.*, 60 F.4th 359, 372 (6th Cir.) (cleaned up), *cert. denied sub nom. Ohio State Univ. v. Gonzales*, 143 S. Ct. 2659 (2023).  To that end, rejecting a litigant's request for an unjustified recusal does not reasonably call into question a judge's impartiality.  *See United States v. Martin-Trigona*, 759 F.2d 1017, 1021 (2d Cir. 1985).

Importantly, the alleged bias must "stem from an extrajudicial source," *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)), and recusal is required only when "the probability of actual bias rises to an unconstitutional level," *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 887 (2009).  Thus, "[a] party cannot establish bias simply because it is unhappy with a district judge's rulings."  *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (citation omitted).  Negative judicial rulings support recusal only where they "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Nor can a plaintiff engineer recusal simply by naming a district judge as a defendant; such automatic disqualification would turn a constitutional safeguard into a tool for forum shopping or harassment.  *See In re Jones*, No. 20-6277, 2021 WL 1811625, at *1 (6th Cir. Feb. 2, 2021) (order) (citing *Martin-Trigona*, 759 F.2d at 1020–21).

Even assuming a judge's failure to recuse satisfies the first mandamus condition, Petitioners have not shown a clear and indisputable right to the writ because they fail to identify the sort of egregious judicial misconduct that demonstrates a "deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 555.  Their arguments rest primarily on negative judicial rulings, which will not support recusal.  *Id.*  And they cannot rely on their claim that the filing restrictions were retaliatory because both orders sufficiently support the restrictions based on objective facts.

Petitioners assert that Judge Corker "is in possession of extra judicial information from the *qui tam* [action] that affects his ability to be impartial in all other cases," but they do not explain what information they mean or how it affects Judge Corker's impartiality. And, as noted above and contrary to Petitioner's assumption, naming judges as a defendant in the *qui tam* action is not an automatic guarantee of recusal. Petitioners therefore offer nothing to indicate that constitutional due process or the Judiciary's reputation require Judge Corker or Judge Varlan to recuse himself because of the *qui tam* action.

Nor have Petitioners demonstrated a clear and indisputable right to the writ based on Judge Corker's delay in ruling on recusal motions. As an initial matter, one of the two motions Petitioners identify has since been disposed of. Moreover, procedural delay is not the sort of extra-judicial antagonism that justifies disqualification. *See id.* Finally, Petitioners cite no legal support that delay alone justifies disqualification. Thus, a writ of mandamus ordering that relief would not be appropriate.

Petitioners' final request for mandamus relief seeks to enjoin a credit union that McCurry alleges violated federal and state law by repossessing her car without adequate notice for the express purpose of interfering with her ability to attend a custody proceeding. Petitioners have adequate alternatives to mandamus in the form of an appeal from the district court's denial of the preliminary injunction or a motion for injunction pending appeal. McCurry's failure to pursue either alternative in the six months since she appealed the district court's judgment is a strong indication that mandamus relief is inappropriate.

For these reasons, the petitions for writs of mandamus are **DENIED**, and Petitioners' motions are **DENIED AS MOOT**.

We now turn to McCurry's vexatious filings in our court. She has filed some eleven mandamus actions since December 29, 2023, and in the first three months of 2025, she has already filed eleven new proceedings. We note, as the district court was careful to do, that "[l]itigiousness

Nos. 24-5405/5996/6068/25-5047/5083/5151/5165
- 6 -

alone is not sufficient to support an injunction," but "a pattern of filing repetitious or frivolous actions is a waste of judicial resources," *Porter v. D + C Revocable Fam. Tr.*, No. 23-40170, 2024 WL 967575, at *2 (D. Mass. Mar. 6, 2024), and we have "the inherent power to punish with sanctions those who litigate in bad faith," *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

Accordingly, Petitioners are **CAUTIONED** that additional vexatious conduct, including filing of original actions related to Petitioners' frivolous and long-settled claims of conspiracy, will result in filing restrictions, denial of pauper status, or other sanctions necessary to prevent the misuse of judicial resources.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk